```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**DOUGLAS M. ALEXIS, *et al.***                      CIVIL ACTION

**VERSUS**                                                          No. 07-6711

**STATE FARM FIRE & CASUALTY COMPANY, *et al.***      SECTION: I/5

## ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiffs, Douglas and Pamela Alexis. Defendants in this matter are State Farm Fire and Casualty Company ("State Farm"), Justin Stafford ("Stafford"), and Karen Stein ("Stein").[1] For the following reasons, plaintiffs' motion to remand is **GRANTED.**

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins.*

---

[1] Stafford and Stein were, at all times pertinent to the above-captioned matter, claims adjusters for State Farm. Rec. Doc. No. 1-2, p. 1, para. I(2-3).

*Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand. The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion. The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Plaintiffs allege, upon information and belief, that Stafford and Stein are both Louisiana citizens, thereby destroying complete diversity of citizenship.[2] Plaintiffs' allegation notwithstanding, State Farm asserts that diversity jurisdiction exists pursuant to Section 1332 because Stafford and Stein were improperly joined as defendants and, as such, Stafford's and Stein's citizenship should not be considered for purposes of determining diversity.[3] State Farm also asserts that Stafford and Stein are not Louisiana

---

[2] Rec. Doc. No. 1-2, p. 1, para. I(2-3)

[3] Rec. Doc. No. 1, pp. 4-5, para. 10; *see also* Rec. Doc. Nos. 7; 13.

2

citizens and, therefore, there is diversity jurisdiction pursuant to Section 1332.[4]

With respect to State Farm's argument that Stafford and Stein were improperly joined, the Court incorporates the applicable legal standards and analysis set forth in *Pennison v. State Farm Fire and Casualty Company*, 2006 WL 3904984, at *1-3 (E.D. La. Dec. 1, 2006), and finds that Stafford and Stein were not improperly joined as defendants in this lawsuit.[5] Therefore, Stafford's and Stein's citizenship must be considered for purposes of determining diversity.

In order to contradict plaintiffs' assertion that Stafford and Stein are Louisiana citizens, State Farm presents the Court with two affidavits.[6] While the affidavit that State Farm presents with respect to Stafford[7] sufficiently establishes that Stafford is a Texas citizen, the affidavit that State Farm offers to establish

---

[4]Rec. Doc. No. 13, p. 3; *See also* Rec. Doc. Nos. 13-2; 13-3. The Court notes that, even though State Farm challenges plaintiffs' allegations that Stafford and Stein are Louisiana citizens, State Farm does not allege actual fraud in the jurisdictional pleadings.

[5]*See also Ballay v. State Farm Fire and Cas. Co.*, 2007 WL 734414, at *3 (E.D. La. Mar. 6, 2007) (Engelhardt J.); *Pelican Hospitality Group v. United Nat. Ins. Co.*, 2006 WL 3313721 (E.D. La. Nov. 13, 2006) (McNamara J.).
   Just as in *Pennison*, plaintiffs allege that Stafford and Stein failed to disclose material information to plaintiffs, resulting in further delay and damage to plaintiffs. Rec. Doc. No. 1-2, p. 4, para. XIII. Plaintiffs also allege that Stafford denied coverage in a letter addressed to plaintiffs, knowing that wind, not flood, was the cause of damage to plaintiffs' home. *Id*. at p. 3, para. VII.

[6]Rec. Doc. Nos. 13-2; 13-3.

[7]Rec. Doc. No. 13-2. In the "Stafford affidavit," Stafford certifies that he is a citizen of Texas. *Id.*

3

that Stein is not a Louisiana citizen is deficient.

The affiant in the "Stein affidavit," Gerrad Brigham ("Brigham"),[8] certifies that *he "believes"* Stein is a citizen of Washington and that Stein's address on file with Eberl's Claim Services, Inc., is located in Vancouver, Washington. Brigham does not define his use of the term "citizenship" in his affidavit.[9]

The allegations set forth in Brigham's affidavit amount to the fact that Stein's current on-file address has not changed and that Stein works outside her home. Such allegations, without more, cannot overcome State Farm's heavy burden of establishing complete diversity of citizenship for purposes of Section 1332.[10] *See, e.g., Turlich v. State Farm Fire and Casualty Co.*, 2007 WL 54805, at *1, fn. 1 (E.D. La. Jan. 4, 2007). As there is no other basis for jurisdiction in this matter, remand is required.

Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs[11] is **GRANTED,** as the Court lacks subject matter

---

[8] Brigham is the Director of Catastrophe Operations at Eberl's Claim Service, Inc.. Rec. Doc. No. 13-3, p. 1, ln. 1.

[9] For diversity purposes, citizenship is determined by a person's domicile. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Mere residence in a state is insufficient to establish citizenship. *Id.* "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . .'" *Id.*

[10] The burden of establishing diversity rests with the party invoking federal jurisdiction. *Mas*, 489 F.2d at 1399.

[11] Rec. Doc. No. 6.

jurisdiction.  The above-captioned case is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

New Orleans, Louisiana, January  21st , 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE